IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Todd W. Slocum,<br><br>    Plaintiff,<br><br>  v.<br><br>Warden Sharp; Director Sterling; Associate Warden Chivalli; Associate Warden Commander; Major Meeks; SCDC PREA Director James; SCDC Regional PREA Coordinator Housinger; Captain McFadden; Lieutenant McFadden; Lieutenant Thomas; Ms. Kruger; SCDC Police Services Investigator; PREA Coordinator Sweat; PREA Rape Kit/Specimen Collector; Warden Levern Cohen; Aubrey Bailey; and Sergeant Montgomery,<br><br>    Defendants. | Case No.: 1:25-1631-JFA-SVH<br><br><br><br>**ORDER** |

## I. INTRODUCTION

Plaintiff Todd W. Slocum, proceeding *pro se*, filed this Complaint pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the Complaint pursuant to 28 U.S.C. § 1915, the Magistrate Judge issued an order finding that Plaintiff failed to state a claim and notifying Plaintiff his claims were subject to summary dismissal. (ECF No. 8). The Order permitted Plaintiff to file an amended complaint and warned Plaintiff that his failure to correct the identified deficiencies within the time permitted would subject his case to dismissal. Plaintiff filed an Amended Complaint on April 8, 2025. (ECF No. 10).

1

After reviewing the Amended Complaint, the Magistrate Judge prepared a thorough Report and Recommendation ("Report") proposing summary dismissal of Plaintiff's claims for failure to state claim. (ECF No. 14). Plaintiff filed objections to the Report on May 12, 2025. (ECF No. 17). Thus, this matter is ripe for review.

## II.  LEGAL STANDARD

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court may accept, reject, or modify the report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b). A district court is only required to conduct a *de novo* review of the specific portions of the magistrate judge's report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Objections must be specific and must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the magistrate judge's report thus requires more than a

reassertion of arguments from the complaint or a mere citation to legal authorities. General, nonspecific objections have the same effect as a failure to object. *See Suttles v. Chater*, 107 F.3d 867 (4th Cir. 1997). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Dunlap*, 288 F. Supp. 3d at 662 (citing *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The court is required to interpret *pro se* documents liberally, holding them to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "special judicial solitude" with which a district court should view *pro se* motions "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III.    DISCUSSION

The Report sets forth the relevant facts and standards of law on this matter and no further recitation is necessary here. (ECF No. 43). To summarize, Plaintiff attempts to bring claims for failure to protect, failure to investigate, and supervisory liability stemming from his assault by another inmate while incarcerated. Specifically, Plaintiff alleges he was raped and assaulted over a 72-hour period while he was incarcerated by the South Carolina Department of Corrections ("SCDC") at the Turbeville Correctional Institution, and that Defendants failed to conduct required visual rounds during this time, failed to investigate the assault upon becoming aware of the incident, and failed to provide him medical care. (ECF No. 10). However, the Report concludes Plaintiff has failed to provide any information that any specific defendant was aware that Plaintiff was at risk of harm prior

3

to the assault to support his failure to protect claim. (ECF No. 14 at 5). Nor has Plaintiff alleged sufficient facts to hold any individual supervisor defendant responsible based on individual conduct or a policy or custom that resulted in illegal action. (*Id.*). Finally, the Magistrate Judge correctly explained that Plaintiff does not have a constitutional right to the criminal investigation or prosecution of another person. (*Id.* at 6).

In response, Plaintiff filed objections which repeat many of the general assertions previously included in his complaints. For example, Plaintiff opines Defendants Kruger, PREA Director James, PREA Coordinator Housinger, Warden Cohen, Associate Warden Bailey, SCDC Police Services Investigator, PREA Coordinator Sweat, and PREA Rape Kit/Specimen Collector are liable for failing to investigate Plaintiff's assault allegations and for attempting to cover up the incident.[1] The Report explained that there is no federal constitutional right to have another individual investigated or charged with a crime, and § 1983 only imposes liability if there is a deprivation of a constitutional right. (ECF No. 14 at 6). The Magistrate Judge properly evaluated these claims, and the court adopts the findings set forth in the Report.

In addition to the vague assertion in the Amended Complaint that Lieutenant McFadden denied him medical care, Plaintiff adds denial of medical care claims against Lieutenant Thomas and Sergeant Montgomery for not waking him up in time for a medical appointment. The Report did not address the allegation against Lieutenant McFadden and was not presented with the claims against Thomas and Montgomery. Upon conducting its

---

[1] Plaintiff concedes Defendant Associate Warden Commander should be dismissed. (ECF No. 17 at 2).

own review and analysis, the court finds Plaintiff fails to state a claim for deliberate indifference to medical necessity in violation of the Eighth Amendment.

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). However, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104. Where a deliberate indifference claim is predicated on a delay in medical care, there is no Eighth Amendment violation unless "the delay results in some substantial harm to the patient," such as a "marked" exacerbation of the prisoner's medical condition or "frequent complaints of severe pain." *Formica v. Aylor*, 739 F. App'x 745, 755 (4th Cir. 2018). Plaintiff does not contend Defendants Thomas or Montgomery delayed medical treatment immediately following the alleged assault. Indeed, Plaintiff notes these defendants worked on the unit he was transferred to after the incident. (ECF No. 17 at 3). Nor does Plaintiff generally allege he was denied treatment for the injuries stemming from the assault at issue. Instead, Plaintiff avers these defendants withheld medical care "as a punishment" by not waking him for a sick-call appointment over three weeks after the assault. (*Id.* at 3). These allegations fail to meet the requisite standard for stating a claim for deliberate indifference to medical need.

Plaintiff also uses his objections to add new claims against Defendants Warden Sharp, Associate Warden Chivalli, Major Meeks, Captain McFadden, Lieutenant

McFadden, and Director Stirling ("Supervisor Defendants").[2] In the Amended Complaint, Plaintiff averred Defendants Sharp, Chivalli, Meeks, Captain McFadden, and Lieutenant McFadden "became aware of incident" and failed to investigate or respond to his grievances and that Defendant Stirling failed to respond to his victim impact statement. (ECF No. 10 at 12; *see also id.* at 10 ("had not defendants who then learn[ed] of the incident took proper protocol to arrest and investigate the plaintiff would not have suffer[ed].")). In contrast, Plaintiff now alleges that the Supervisor Defendants are liable for his injuries because they allowed officers to conduct nonvisual safety counts in violation of SCDC policy. (ECF No. 17 at 1–3).

The court notes it is not required to review new issues or claims raised in objections to a Magistrate Judge's Report. *See Samples v. Ballard*, 860 F.3d 266, 275 (4th Cir. 2017) (holding that district courts are not obligated to hear new "issues" as opposed to new "arguments" raised in objections to a Report and Recommendation). Even if it were, however, Plaintiff's additional allegations fail to support a cognizable claim. Supervisory liability under § 1983 must be supported with evidence that: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular

---

[2] The caption misspells Director Stirling's name.

constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (quotations omitted).

Plaintiff does not set forth any specific facts to establish the Supervisor Defendants had actual or constructive knowledge that their subordinates were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to inmates like him. Plaintiff maintains that had the *officers* conducted appropriate and required safety checks, he would not have been raped and assaulted, or that the assault would not have lasted 72 hours. (ECF No. 17 at 5). However, Plaintiff does not name or assert claims against any of the individual officers actually tasked with conducting the rounds during the relevant period, instead averring that they "should be easily identifiable with log-book entry investigation." (*Id.* at 1). [3] Plaintiff does not claim the alleged failure to conduct visual checks was pervasive or widespread to ascribe constructive knowledge to the Supervisor Defendants. In fact, in the Amended Complaint, Plaintiff asserted each defendant "became aware of" the incident after it occurred. Plaintiff's broad and conclusory allegations are insufficient to demonstrate a personal violation of Plaintiff's constitutional rights or that the Supervisor Defendants tacitly authorized or were deliberately indifferent to the alleged constitutional violations of his or her subordinates.

In sum, Plaintiff's objections do nothing to strengthen his claims and fail to highlight any error in the Report. Accordingly, Plaintiff's objections are overruled, and the recommendations set forth in the Report are adopted.

---

[3] Like the Magistrate Judge, this court expresses no opinion on the veracity of claims against the individuals responsible for conducting the count. (*See* ECF No. 14 at 5 n.1).

## IV.  CONCLUSION

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's Report fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the court adopts the Report (ECF No. 14) and summarily dismisses this matter without prejudice, without further leave to amend, and without issuance and service of process.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

May 29, 2025  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge